1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rene Ellis, Jr.,

           Petitioner,

v.

Barbara Von Blanckensee,

           Respondent.

No. CV-20-00139-TUC-JAS

**ORDER**

Pending before the Court is a Report and Recommendation (Doc. 15) issued by United States Magistrate Judge Markovich that recommends substituting Andrew Ciolli, Warden, as Respondent for Barbara Von Blanckensee pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure and denying and dismissing Petitioner's habeas petition filed pursuant to 28 U.S.C. §2254.[1] A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired.  As such, the Court will not consider any objections or new evidence.

The Court has reviewed the record and concludes that Magistrate Judge Markovich's recommendations are not clearly erroneous and they are adopted.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue.  *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1).  The district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 must either issue a certificate of appealability or state why a certificate should not issue.  *See id.*

---

[1]The Court reviews de novo the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

1

2

3

Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In the certificate, the court must indicate which specific issues satisfy this showing.  *See* 28 U.S.C. §2253(c)(3).  A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 15) is accepted and adopted.

(2) Substituting Andrew Ciolli, Warden, as Respondent for Barbara Von Blanckensee pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

(3) Petitioner's §2254 habeas petition is denied and this case is dismissed with prejudice.

(4) A Certificate of Appealability is denied and shall not issue.

(5) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 18th day of August, 2022.


Honorable James A. Soto
United States District Judge